```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JESSICA MCCRACKEN,**

        **Petitioner,**

    **v.**                      **CIVIL ACTION NO. 1:19CV112**
                             **CRIMINAL ACTION NO. 1:15CR79**
                                    **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**MEMORANDUM OPINION AND ORDER DENYING
AS MOOT § 2255 PETITION [DKT. NO. 283]**

Pending is the motion filed by the petitioner, Jessica McCracken ("McCracken"), pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence (Dkt. No. 283).[1] For the reasons that follow, the Court concludes that McCracken's petition is moot because she no longer is in custody of the Bureau of Prisons ("BOP") or serving a term of supervised release.

## I. BACKGROUND

On September 15, 2015, McCracken pleaded guilty to aiding and abetting distribution of cocaine base within 1000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 842(b)(1)(C) and 860(a), and 18 U.S.C. § 2 (Dkt. No. 70). On May 16, 2016, the Court sentenced her to 21 months of incarceration, followed by 6 years of supervised release (Dkt. No. 132).

---

[1] Unless otherwise noted, all docket numbers refer to Criminal Action No. 1:15CR79.

**MCCRACKEN v. USA**                                                              **1:19CV112/1:15CR79**

**MEMORANDUM OPINION AND ORDER DENYING
AS MOOT § 2255 PETITION [DKT. NO. 283]**

After McCracken commenced her term of supervision on December 8, 2017, she violated her conditions of supervision by using and possessing controlled substances on two occasions, failing to be truthful to the probation officer, failing to report as directed, failing to contact a substance abuse treatment program as directed, failing to report law enforcement contact, associating with a person engaged in criminal activity, failing to follow the instructions of the probation officer, and committing another federal, state, or local crime (Dkt. No. 277). The Court revoked McCracken's supervised release for these myriad violations on January 24, 2019, and sentenced her to 36 months of incarceration with no supervised release to follow Id. McCracken did not appeal this sentence.

A few months later, on May 21, 2019, McCracken moved to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, challenging her revocation sentence on four grounds. First, she contends she received ineffective assistance of counsel because her attorney failed to negotiate or investigate her alleged supervision violations and failed to object to the sentence she received. Second, she challenges the Court's decision to sentence her above the applicable guideline range. Third, she alleges that her revocation amounted to "malicious prosecution." And fourth, she objects to the Court's prior directive that she cease taking

prescribed medication (Dkt. No. 283 at 5-10). On October 22, 2019, the Government filed a brief in opposition to McCracken's petition, arguing no ground asserted warranted the relief sought (Dkt. No. 306). McCracken replied to this argument on October 23, 2019 (Dkt. No. 310). The motion is now ripe for decision.

## II. APPLICABLE LAW

Under 28 U.S.C. § 2255, a federal prisoner in custody may seek to vacate, set aside or correct her sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. Hill v. United States, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).

But Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only actual cases and controversies. U.S. CONST. art. III, § 2; Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome, a case is deemed moot." United States v. Hardy, 545 F.3d 280, 283 (4th Cir. 2008) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). The question here is whether McCracken's § 2255 petition is moot.

**MEMORANDUM OPINION AND ORDER DENYING
AS MOOT § 2255 PETITION [DKT. NO. 283]**

### III. ANALYSIS

On January 24, 2019, the Court sentenced McCracken to 36 months of incarceration with no supervision to follow (Dkt. No. 277). Although McCracken filed her § 2255 petition while incarcerated, she has since been released from federal custody[2] and is no longer serving a term of supervised release. Therefore, no actual case or controversy exists regarding the validity of her revocation sentence, which has been fully served, and where she is no longer subject to a term of supervised release. Hardy, 545 F.3d at 283; United States v. Julian, 751 Fed. App'x 378, 380 (4th Cir. 2018). Thus, because the matters raised in her § 2255 petition are no longer "live," the case is moot.

### IV. CONCLUSION

For these reasons, the Court **DENIES AS MOOT** McCracken's § 2255 petition (Dkt. No. 283) and **DISMISSES** Civil Action No. 1:19CV112 **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

It is so **ORDERED**.

---

[2] McCracken satisfied her revocation sentence and was released from BOP custody on August 24, 2021. See Federal Bureau of Prisons Inmate Locator https://www.bop.gov/inmateloc/ (results for BOP Register Number 04730-087) (last visited August 25, 2021).

Case 1:15-cr-00079-IMK-MJA   Document 357   Filed 09/02/21   Page 5 of 6   PageID #: 2050

**MCCRACKEN v. USA**                                       **1:19CV112/1:15CR79**
**MEMORANDUM OPINION AND ORDER DENYING**
**AS MOOT § 2255 PETITION [DKT. NO. 283]**

The Clerk is directed to enter a separate judgment in favor of the United States. The Clerk is further directed to provide a copy of this order to McCracken by certified mail, return receipt requested, to her last known address, and to counsel of record by electronic means and to strike Civil Action No. 1:19CV112 from the Court's active docket.

### V. No Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because McCracken has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes

**MEMORANDUM OPINION AND ORDER DENYING**
**AS MOOT § 2255 PETITION [DKT. NO. 283]**

that McCracken has failed to make the requisite showing and **DENIES** a certificate of appealability.

DATED: September 2, 2021

                                        /s/ Irene M. Keeley
                                          IRENE M. KEELEY
                                          UNITED STATES DISTRICT JUDGE